UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SKYLYNE DESTINATIONS, LLC, § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1:25-CV-417-ADA-DH |
| § | |
| ABL RPC RESIDENTIAL CREDIT § | |
| ACQUISITION, LLC, ET AL., § | |
| *Defendants* § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court is Kang Lee's motion to intervene and to expunge notice of lis pendens, Dkt. 22. After reviewing the motion and the relevant case law, the undersigned recommends that the District Judge deny Lee's motion.

### I.   BACKGROUND

Plaintiff Skylyne Destinations, LLC, ("Skylyne") initiated this lawsuit to challenge the foreclosure of one of its properties in Austin, Texas. Dkts. 1-1; 15. As part of its efforts to undo the foreclosure sale of the property, Skylyne filed a notice of lis pendens with the real property records for Travis County, Texas. Dkts. 22, at 3; 22-4, at 2. Lee moved to intervene here as the current owner of the property at issue in this lawsuit so that he may seek relief in the form of expungement of the notice of lis pendens under Texas law. Dkt. 22, at 2-3. Lee insists that he is entitled to intervene in this lawsuit as a matter of right or permissively because he is "a bona

1

fide purchaser for value without actual or constructive notice of the underlying claim at the time of purchase." *Id.* at 3. Lee further moved to expunge the notice of lis pendens under section 12.0071(c) of the Texas Property Code because Skylyne's complaint does not contain a real-property claim, Skylyne did not serve the notice of lis pendens on Lee, and Skylyne's claim for wrongful foreclosure lacks merit. *Id.* at 4-6. No party responded to Lee's motion.

## II.   DISCUSSION

Lee moved to intervene in this lawsuit under Federal Rule of Civil Procedure 24 as a matter of right or permissively "because he claims an interest relating to the property or transaction that is the subject of the action, namely the Property itself sold through the challenged foreclosure sale." Dkt. 22, at 3. In particular, Lee seeks to intervene in this action so that he can request that this Court expunge the notice of lis pendens under Texas Property Code § 12.0071. *Id.* Lee included his motion to expunge in his motion to intervene. *Id.* at 4-6.[1]

Lee has not met his burden of demonstrating that he may intervene in this action either as of right or permissively. To intervene as of right under Rule 24(a), a putative intervenor must show that "(1) the application ... [was] timely"; (2) that he has "an interest relating to the property or transaction which is the subject of the action"; (3) that he is "so situated that the disposition of the action may, as a practical matter, impair or impede [his] ability to protect that interest"; and (4) that his

---

[1] The undersigned notes that Lee should have filed his two motions separately given that "[e]ach filing must consist of only one pleading" and "[m]ultiple pleadings … must be filed as separate documents." *Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases*, Western District of Texas, § 12(e) (revised Jun 1, 2021).

2

interest is "inadequately represented by the existing parties to the suit." *DeOtte v. State*, 20 F.4th 1055, 1067 (5th Cir. 2021) (quoting *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016)); *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007) ("Failure to satisfy any one requirement precludes intervention as of right."). Permissive intervention is appropriate, but not required, when "(1) [a] timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 934 (N.D. Tex. 2019) (quoting *Frazier v. Wireline Sols., LLC*, No. C-10-3, 2010 WL 2352058, at *4 (S.D. Tex. June 10, 2010)).[2] Although Rule 24 is to be liberally construed, the movant nonetheless bears the burden of establishing that intervention is warranted. *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015).

      Here, Lee moved to intervene in this lawsuit "[a]s a bona fide purchaser for value without actual or constructive notice of the underlying claim at the time of purchase" but did not otherwise offer any analysis on the factors relevant to his motion to intervene. Dkt. 22, at 3. As the current owner of the property at issue in this lawsuit, Lee no doubt has "an interest relating to the property or transaction which is the subject of the action" or a claim or defense that involves a common

---

[2] In addition, "a party must have independent jurisdictional grounds to intervene permissively under Rule 24(b)." *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985) (citations and quotation marks omitted).

question of law or fact to this dispute. Dkt. 22, at 3; *Texas*, 805 F.3d at 658 ("A property interest, for example, is the most elementary type of right that Rule 24(a) is designed to protect … because it is concrete, specific to the person possessing the right, and legally protectable." (cleaned up)); *Moore's Federal Practice* § 24.03[2][a] (3d ed. 2008) ("Motions to intervene in which the proposed intervenor advances a clear property interest present the easiest cases for intervention."). Yet given that Lee offered no analysis or evidence relevant to the remaining factors for evaluating intervention either as a matter of right or permissively, the Court is left to guess how they might weigh in favor of Lee's request to intervene.

Moreover, it is unclear whether federal courts have jurisdiction to issue the relief Lee seeks through intervention in the form of an order expunging the notice of lis pendens. *See* Tex. Prop. Code § 12.008(a) ("On the motion of a party or other person interested in the result of or in property affected by a proceeding in which a lis pendens has been recorded ... the court hearing the action may cancel the lis pendens at any time during the proceeding."); *377 Realty Partners, L.P. v. Taffarello*, 562 F. Supp. 2d 787, 789 (E.D. Tex. 2006) ("[T]he cancellation of a lis pendens may only be effectuated by the court in which the lis pendens is recorded" (citing Tex. Prop. Code § 12.008)); *In re Deepwater Horizon*, 546 F. App'x 502, 506 (5th Cir. 2013) ("[W]hen a motion to intervene would be futile because the district court is without power to grant the relief sought by the movant, we have held that the motion to intervene must be denied.").[3] Because Lee has failed to meet his burden of establishing that

---

[3] Even if this Court has jurisdiction to expunge a notice of lis pendens, Lee's motion to expunge is premature. *Parask as trustee for WPWE Tr. v. Ryals*, No. CV H-16-3536, 2018 WL

intervention, either as of right or permissively, is proper in this case, the undersigned will recommend that the District Judge deny Lee's motion.

### III.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Lee's motion to intervene and motion to expunge. Dkt. 22.

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

---

11471474, at *2 (S.D. Tex. Mar. 15, 2018) ("District courts in the Fifth Circuit have generally found expungement based on Section 12.0071(c)(2) appropriate 'only after all claims on the [p]roperty have been resolved.'" (quoting *Lombardi v. Bank of Am.*, No. 3:13-CV-1464-O, 2014 WL 4798424, at *6-7 (N.D. Tex. Sep. 26, 2014))); *see also Gallios v. Wells Fargo Bank, N.A.*, SA-13-CA-830, 2014 WL 12489607, at *3 (W.D. Tex. Mar. 21, 2014) (denying motion to expunge lis pendens without prejudice as premature).

SIGNED September 8, 2025.

                                      DUSTIN M. HOWELL
                                      UNITED STATES MAGISTRATE JUDGE